**Electronically Filed
Intermediate Court of Appeals
30075
30-NOV-2010
07:56 AM**

NO. 30075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEWITT LONG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Criminal Case No. 1P109-1433)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Dewitt Long (Long) appeals from the Judgment of Conviction and Sentence, entered on September 21, 2009 in the District Court of the First Circuit, Honolulu Division (district court).[1]

Long was found guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (Supp. 2008).

On appeal, Long contends that the district court (1) erred by allowing the State to introduce evidence of Long's prior bad acts without proper notice pursuant to Rule 404(b) of the Hawaii Rules of Evidence (HRE), (2) plainly erred by allowing the State to introduce evidence of Long's prior bad acts because the evidence was more prejudicial than probative under HRE Rule 403, and (3) erred by convicting Long of Harassment where there was insufficient evidence to do so.

---

[1] The Honorable Russel S. Nagata presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Long's points of error as follows:

(1) Long claims that the State failed to provide notice of its intent to introduce evidence of his prior bad acts at trial. Long also claims that the district court plainly erred by allowing introduction of Long's prior bad acts because the evidence was more prejudicial than probative.

Assuming that the State failed to provide adequate notice under HRE Rule 404(b) and that the evidence was more prejudicial than probative, it was harmless error. "It is well established that a judge is presumed not to be influenced by incompetent evidence." State v. Antone, 62 Haw. 346, 353-54, 615 P.2d 101, 107 (1980) (failure to object to improper evidence of defendant's prior arrest did not "in any way" impair defense). Long's trial was a bench trial, so the district court is presumed to have not been influenced by improperly admitted prior bad acts by Long for the purposes of proving Long's character in order to show that Long was acting in conformity therewith. The district court stated on the record the reasons for finding Long guilty of Harassment. The reasons were not based upon Long's allegedly being a pimp of the complaining witness. See Antone, 62 Haw. at 355-56, 615 P.2d at 108 (no evidence rebutting presumption trial court disregarded improperly admitted evidence).

(2) Contrary to Long's claim, there was sufficient evidence to convict him of Harassment. The complaining witness testified that as Long approached her, Long stated "that's the bitch, cut her hair off," while two other men were holding her down, one of whom had scissors in his hand. The scissors were recovered by police, who arrived while Long and others stood over the complaining witness. This witness also testified that she observed the scissors and feared that she would be stabbed or that her hair would be cut off. The district court found this testimony credible. "It is well-settled that an appellate court

2

will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence[.]" State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted). Long's comment constituted a taunt or challenge made in a manner that was likely to cause the complaining witness to reasonably believe that Long intended to cause her bodily injury. It can be reasonably inferred from the surrounding circumstances that Long's taunt or challenge was done with intent to harass, annoy, or alarm the complaining witness by Long exiting his vehicle and crossing the street to issue the taunt or challenge while the complaining witness was being held down by two other men, one of which held a pair of scissors. State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (circumstantial evidence and reasonable inferences from a defendant's conduct is sufficient to prove the requisite state of mind in criminal cases).

Therefore,

IT IS HEREBY ORDERED THAT the Judgment of Conviction and Sentence, entered on September 21, 2009 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2010.

On the briefs:

Thomas Waters
(Hawk Sing Ignacio & Waters),
for Defendant-Appellant.

Presiding Judge

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3